GARY M. RESTAINO
United States Attorney
District of Arizona
JOSEPH F. BOZDECH
California State Bar No. 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Joseph.Bozdech@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>$410.00 in United States Currency, *et al.*,<br><br>              Defendants *In Rem,*<br><br>Regarding the Interest of Nicholas Lombardi,<br><br>              Claimant. | **CV-23-02042-PHX-SMM**<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT**<br><br>**APPLICATION FOR CERTIFICATE OF REASONABLE CAUSE** |

Plaintiff United States of America and Claimant Nicholas Lombardi stipulate to resolve the issues regarding Claimant's interest in the following property identified as the defendants *in rem* in the Plaintiff's Complaint:

        a.  $410.00 in United States currency;

        b.  $19,000.00 in United States currency;

        c.  Rolex Oyster Perpetual Watch;

        d.  Tag Heuer Orange Dial Watch;

        e.  Tag Heuer Aquaracer Watch; and

        f.  Mont Blanc 1858 Iced Sea Automatic Watch,

(the "Subject Property").

As the result of communication between counsel for Claimant and the United States and considering the nature of the legal and factual issues involved, the amount in

controversy, the expense of litigation, and length of time involved in the potential litigation, the Parties agree to settle and compromise the Subject Property upon the following terms.

**TERMS OF AGREEMENT**

1.    The Parties stipulate and agree that the defendants *in rem* Rolex Oyster Perpetual Watch and Tag Heuer Aquaracer Watch shall be released to Attorney Jason D. Lamm, on behalf of Claimant, subject only to the following terms and conditions:

2.    Claimant states there are no other parties or persons who would have a superior claim to the ownership of the Subject Property who should have received notice of the Administrative Notice of Forfeiture or who should have been served with a copy of the Complaint in this action.

3.    Claimant agrees to accept personally, or as released to their attorney above, the Rolex Oyster Perpetual Watch and the Tag Heuer Aquaracer Watch, as payment in full and complete satisfaction of all claims by Claimant. Each party shall pay its own costs and attorney's fees.

4.    Claimant agrees that the following defendants *in rem* shall be forfeited to the United States:

   g.  $410.00 in United States currency;

   h.  $19,000.00 in United States currency;

   i.  Tag Heuer Orange Dial Watch; and

   j.  Mont Blanc 1858 Iced Sea Automatic Watch.

5.    Claimant stipulates and agrees that their interest in the defendants *in rem* shall be forfeited to the United States, subject to the terms and conditions of this agreement and as reflected in the proposed judgment.

6.    Pursuant to the terms of 28 U.S.C. § 2465, Claimant agrees there was reasonable cause to seize the defendant property identified herein on the part of the agents investigating the circumstances described in the affidavits at the time of the seizure of the defendant, and that Claimant has not substantially prevailed as that term is defined by statute as the result of this settlement agreement.

7.     Claimant releases and forever discharges the United States Department of Justice; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; and all officers, employees, contract employees, agents, and task force agents of the named law enforcement agencies from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, their heirs, successors, or assigns ever had, now have, or may have in the future related to the seizure, detention, and forfeiture of the Subject Property.

8.     Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).  If an offset is made to the payment to be made pursuant to this agreement, Claimant will receive a notification from the Department of the Treasury at the last address provided by Claimant to the governmental agency or entity to whom the offset payment is made.  If Claimant believes that the payment may be subject to an offset, Claimant may contact the Treasury Department at 1.800.304.3107.  The terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations Claimant owes to the United States or an individual state, other than as identified in this document.

9.     The Parties represent that they freely and voluntarily enter into this stipulation without any degree of duress or compulsion.

10.     The Parties agree that the settlement is not an admission of criminal liability or responsibility on the part of Claimant.

11.     This Agreement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona.  For purposes of construing this Agreement, the Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12.     This agreement constitutes the complete Agreement between Parties.  The Agreement may not be amended except by written consent of the Parties.

13.    The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

RESPECTFULLY submitted this __ day of December, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/Joseph F. Bozdech*
JOSEPH F. BOZDECH
Assistant United States Attorney


*S/Jason D. Lamm*
JASON D. LAMM
Attorney for Claimant
Nicholas Lombardi

4